SCHOTT, Judge.
Plaintiff who leased his dental offices from defendants brought this action for a declaratory judgment recognizing that his lease was valid. Defendants reconvened for a declaratory judgment declaring that the lease expired on April 1, 1978. Defendants have appealed from a judgment in plaintiff’s favor. The issue is whether the plaintiff made a timely exercise of his option to renew the lease, considering the terms of the lease and the fact that his occupancy of the premises under the original lease was delayed because the lessors’ construction of the leased premises was not completed by the original inception date of the lease.
Plaintiff and defendants entered into a written lease agreement on May 21, 1968. It provided for a nine-year term commencing April 1, 1969, and ending on April 1, 1978, and gave plaintiff an option to renew the lease for an additional nine-year term subject to the requirement:
“. ... Notice of renewal must be served in writing by registered mail upon Landlord’s rental agent or upon Landlord at least 90 days prior to the expiration of the primary term.”
On January 2, 1978, plaintiff sent the following letter to defendants:
“I wish to take up the option and privilege of renewing my lease for one additional term of 9 (nine) years at a rental of $5.50/sq. ft./anum per under all other terms provided in my lease dated May 21, 1968. My new lease commencing April 1, 1978.
Hoping the above meets with your approval.”
Defendants’ agent testified that this letter was not received until January 17 and the envelope containing the letter was postmarked January 12. Thus, if the expiration date of the primary term of the lease was April 1, 1978, plaintiff exercised his option too late.
However, plaintiff contends that the inception of .the primary term was extended to October 1, 1969, and the trial judge held that the primary term did not begin until January, 1970. Under either theory the notice sent by plaintiff would have been timely.
*1002 When the lease was signed the building was to be constructed with the projected date of completion before April 1, 1969. However, construction was delayed, and on December 23, 1968, defendants addressed a letter to plaintiff advising him of this fact and that a September 30, 1969, completion date was then projected. The letter continued:
“It therefore has been requested by the Mortgage Company and the owners that I contact each of the tenants to obtain their signatures on a copy of this letter indicating their acquiescence in an amendment to their lease which in effect will change the date of commencement of the lease to October 1, 1969. The contractor, as well as the dentist owners, are certainly interested in getting the building completed sooner and having it filled to capacity before then and every effort will be made to have you in the building well before the October 1st date.
I would be pleased to discuss this matter with you further if necessary. However, if you are in agreement to the adjusted commencement of the lease being October 1, 1969, I would suggest that you indicate your acquescence by signing your name to the carbon copy attached and returning same to me immediately so that it might be forwarded to the interim and permanent lenders for inclusion in their files. A self-addressed stamped envelope is enclosed for your convenience.”
According to plaintiff he signed the acquiescence to the amendment on the letter and returned it to defendants. Defendants’ attorney who was handling this correspondence testified that he did not recall getting a response from plaintiff. He did recall sending similar letters to four other tenants of the building, getting responses from them and preparing and having executed formal amendments to their leases. In any event, plaintiff’s testimony on this point was vague and was not the basis on which the trial judge decided the case in his favor. We find as a fact that plaintiff did not return defendants’ letter signifying his willingness to amend the inception date of his original lease.
In his reasons for judgment the trial court considered the commencement of the lease as the date when plaintiff made his first monthly rental payment making the following observation:
“. .. The Court considers when a building is ready for occupancy as to when the lease commences and therefore the Court finds as a matter of fact that the rental and occupancy of the building was in January, 1970, and that the Doctor being the plaintiff in this matter had ninety (90) days prior to January 197 , let’s see something. Had ninety (90) days prior to January, the month of January, 1979, in which to exercise his option to renew.”
The lease between the parties contains the following provisions under the caption “POSSESSION”:
“Unless otherwise provided herein, Lessee shall be entitled to possession of the lease premises on the commencement day of this lease. Should Landlord be unable to deliver possession of the lease premises on that date because of delays of prior tenants, or if the requirements of the Tenant requires building alterations or additions, and said alterations and additions have not been completed to a condition permitting occupancy, or should there be any other delay in granting possession not caused by the fault or neglect of Landlord, this lease shall not be affected thereby, and Tenant shall not be entitled to any damages beyond the remission of the rent for such term during which Tenant is deprived of possession.”
This provision demonstrates that the parties recognized the possibility that the premises would not be ready for occupancy on the inception date and agreed that the lease would not be affected thereby except for a remission of the rent for the period of time when the lessee was deprived of occupancy. Since the lease agreement had the effect of law between these parties, C.C. Art. 1901, the judgment of the trial court is inconsistent with that law. The inception date of the lease was not changed and remained April 1, 1969.
*1003 It is significant that plaintiff himself was apparently under the impression that the termination date of the lease was unchanged as he admits in his letter of January 2, 1978, in which he attempted to exercise his option that the new lease would commence April 1, 1978. Had he believed his lease had commenced on October 1, 1969, he would have regarded the new lease as commencing on October 1, 1978.
Because of the conclusion we have reached it is unnecessary to consider defendants’ other argument that the lease was subject to termination because of repeated violations of the terms of the lease by plaintiff.
Accordingly, the judgment appealed from is reversed and set aside and plaintiff’s main demand is dismissed. The reconven-tional demand of defendants is granted and there is judgment in their favor and against plaintiff, recognizing that the lease between the parties expired on April 1, 1978. Plaintiff is to pay all costs in both courts.
REVERSED AND RENDERED.